IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDIAN MEDICAL, INC. d/b/a | : | CIVIL ACTION |
| AMERICAN MEDICAL TECHNOLOGIES | : | NO. 12-5582 |
| | : | |
| vs. | : | |
| | : | |
| GENTELL, INC., WOUNDED CARE | : | |
| CONCEPTS INC., FREDRIC A. BROTZ, | : | |
| DAVID NAVAZIO, | : | |
| KATHLEEN E. KENNEDY, | : | |
| ELIZABETH J. MEYERS, | : | |
| JOELLEN FISCHER, and PEGGY J. BATES | : | |

O'NEILL, J.                                                                                                    August 21, 2013

### MEMORANDUM

Pennsylvania law recognizes two claims that provide relief from the misuse of civil process: (1) a statutory claim for wrongful use of civil proceedings/malicious use of process and (2) a common law claim for abuse of process.  See 42 Pa Cons. Stat. Ann. § 8351, Langman v. Keystone Nazareth Bank & Trust Co., 502 F. App'x 220, 224-25 (3d Cir. 2012).  Statutory claims for wrongful use of civil proceedings/malicious use of process are commonly referred to as Dragonetti Act claims.  42 Pa Cons. Stat. Ann. § 8351.  Under Pennsylvania law, a common law abuse of process claim remains distinct from a claim under the Dragonetti Act because both claims require a party to plead different requisite elements.  Longman v. Keystone Nat'l Bank & Trust Co., 672 F. Supp. 2d 691, 699-701 (E.D. Pa. 2009).

In its motion to dismiss defendants' amended counterclaim, plaintiff argues that nowhere in the amended counterclaim do defendants cite to any statute or applicable case law to identify which of the two torts for misuse of civil process they are attempting to plead.  Pl.'s Mot. (Dkt. No. 48) p. 3.  Plaintiff contends that defendants' "allegations in their Amended Counterclaim reveal that it is one for wrongful use of civil proceedings, subject to the Dragonetti Act . . . ," id.,

and asserts that I should find that defendants' amended counterclaim pleads a Dragonetti Act claim, and further that defendants are foreclosed from bringing this claim because they have not alleged the requisite elements for a Dragonetti Act claim.  Id. at pp. 6-7.

In response, defendants contend that their amended counterclaim asserts the requisite elements of a common law abuse of process claim and dispute plaintiff's assertion that the Amended Counterclaim advances a claim under the Dragonetti Act.  Def's Br. (Dkt. No. 50) p.1.  Defendants argue that "the Amended Counterclaim makes out the elements of an Abuse of Process claim and did not allege, or purport to allege, a Dragonetti Act claim." Id. at p. 9.  In support, defendants assert that the Amended Counterclaim is "replete with reference to [the] three elements" of a common law abuse of process claim.  Id. at p. 6.

For the reasons that follow, plaintiff's motion to dismiss will be granted in part and denied in part.

**I.    Dragonetti Act Claim**

Unlike the common law abuse of process tort, a Dragonetti Act claim requires that "[the] proceedings have terminated in favor of the persons against whom they are brought."  42 Pa. Cons. Stat. Ann. § 8351(a)(2), see also U.S. ex rel. Magid v. Widerman, No. 96-cv-4346, 2005 WL 469590, *3 (E.D. Pa. Feb. 28, 2005) (holding that because the underlying proceedings has not yet been concluded, the malicious use of process claim [a Dragonetti Act claim] – but not the abuse of process claim – was unripe).  In addition to showing a termination of the underlying litigation, to establish a Dragonetti Act claim a moving party must show "that the [non-moving party] caused the [underlying litigation] to be instituted against the [moving party] without probable cause and the proceedings were instituted primarily for an improper purpose."  Sabella v. Estate of Milides, 992 A.2d 180, 188 (Pa. Super. Ct. 2010), quoting Hart v. O'Malley, 647

A.2d 542, 546 (Pa. Super. Ct. 1994); see also Rosen v. Tesoro Petroleum Corp., 582 A.2d 27, 32 (Pa. Super. Ct. 1990).

As plaintiff argues, defendants' amended counterclaim alleges sufficient facts to assert a claim under the Dragonetti Act.  See Access Fin. Lending Corp. v. Keystone State Mortg. Corp., No. 96-191, 1996 WL 544425, *4 (W.D. Pa. Sept. 4, 1996) (noting that despite defendant labeling its counterclaim as a common law abuse of process claim, defendant's assertion "in its brief that the heart of his claim arises with the 'instigation of this wrongful suit'" and the "initiation of this wrongful suit" falls under "the tort of malicious use of civil process [a Dragonetti Act claim], not [common law] abuse of process.").  Defendants argue plaintiff's lawsuit was filed because plaintiff "has lost business to [defendant] and cannot successfully compete with [plaintiff] . . . and hopes to secure illegitimate competitive advantage simply by filing and prosecuting the within lawsuit."  Am. Countercl. (Dkt. No. 44) at ¶ 14.  Defendants further contend that plaintiff's lawsuit is "malicious" with the intended goal of "destroy[ing] a competitor through frivolous litigation."  Id. at ¶ 17.  These allegations employ language that invokes the tort of wrongful use of civil proceedings, which falls under the Dragonetti Act.  Defendants' allegations attack the entire litigation as frivolous and malicious.

Defendants, however, do not label their counterclaim as Dragonetti Act claim, and, importantly, disavow having made such a claim.  Further, even if their amended counterclaim can be read as alleging a Dragonetti Act claim, any such claim would be premature.  It is well settled law that for claims under the Dragonetti Act the underlying litigation must be final before a counterclaim can be brought.  Here, the underlying litigation is still pending.  I will grant plaintiff's motion to dismiss, but only to the extent that extent that defendants' amended

counterclaim can be construed as asserting a claim under the Dragonetti Act, as any claims raised under the Dragonetti Act would be premature.

## II.     Common Law Abuse of Process Claim

Instead, I find that defendants have alleged sufficient facts to bring a common law abuse of process claim.  The Pennsylvania Supreme Court has stated that "[t]he gist of an action for [common law] abuse of process is the improper use of the process after it has been issued, that is, a perversion of it."  Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 304 (3d Cir. 2003) (citation and internal quotations omitted); see also Horizon House Dev. Servs. Inc. v. Twp. Of Upper Southampton, No. 89-2243, 1990 WL 151795, *2 (E.D. Pa. Oct. 4, 1990) (applying Pennsylvania substantive law and holding "[A] claim for [common law] abuse of process . . . must be made on allegations of improper use of process 'after' the suit has been initiated."). To establish a common law abuse of process claim, the moving party must show that non-moving party "(1) used a legal process against the [moving party], (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the [moving party]."  Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008), quoting Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998), appeal denied, 729 A.2d 1130 (Pa. 1998).

Defendants' amended counterclaim specifically refers to "Plaintiff's Abuse of Process . . . ."  Am. Countercl. (Dkt. No. 44) at ¶ 16.  At no point do defendants specifically state that plaintiff's alleged actions represent a wrongful use of civil process or malicious use of process, both of which fall under the Dragonetti Act.  Additionally, defendants methodically plead and sufficiently allege the three requisite elements of a common law abuse of process claim.  Defendants allege that "plaintiff has used a legal process, namely this litigation, against

Defendant[s] primarily to accomplish a purpose or purposes, as aforesaid, for which that process was not designed, and, as a result Defendants have suffered harm and damages . . . ." Id. at ¶ 15.

Further, defendants' counterclaim for abuse of process is not premature. "[A] litigant need not always wait until the termination of an action to bring a claim for abuse of process." Giordano v. Claudio, 714 F. Supp. 2d 508, 533 (E.D. Pa. 2010), citing Rosen v. Am. Bank of Rolla, 627 A.2d 190, 192 (Pa. Super. Ct. 1993). As plaintiff notes, the Pennsylvania Supreme Court, in T.C.R. Realty, Inc. v. Cox, 372 A.2d 721 (Pa. 1977), held that Pennsylvania procedural rules governing counterclaims preclude the assertion of a counterclaim for abuse of process based on the initiation and prosecution of the underlying action. 372 A.2d at 727-29. The Court found that such a counterclaim is not sufficiently related to the same transaction or occurrence giving rise to the plaintiff's cause of action to permit its joinder. Id. at 727-29. However, it is a long-recognized principle that federal courts sitting in diversity "apply state substantive law and federal procedural law." Shady Grove Orthopedic Assoc.'s P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S. Ct. 1431, 1448 (2010), (J. Stevens, concurring), quoting Hanna v. Plumer, 380 U.S. 460, 465 (1965). I find that defendants' counterclaim for abuse of process is not precluded by the rules of federal procedure. See Fed. R. Civ. P. 13; 28 U.S.C. § 1367.

In their amended counterclaim defendants allege that plaintiff has engaged in abusive practices within the context of this litigation, including "mailing copies of the scurrilous and inaccurate Complaint to Customer Facilities, seeking intrusive interviews with Facilities' employees and threatening further discovery practices." Am. Countercl. ¶ 9(e). Since the amended counterclaim refers to discrete actions taken after the initiation of the lawsuit, the Court may adjudicate defendants' abuse of process claims based on such actions prior to the completion of plaintiffs' lawsuit. Cf. Giordano, 714 F. Supp. 2d at 534 (dismissing the

defendant's counterclaim for abuse of process where it referred "only to [the plaintiff's] initiation of the lawsuit and not to any discrete portions of the lawsuit (such as a subpoena or a discovery request)").

Accordingly, since defendants' amended counterclaim sufficiently alleges a claim for common law abuse of process, I will deny plaintiff's motion to dismiss the claim.

An appropriate Order follows.